UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL DOCKET |
| VERSUS | No. 21-137 |
| CRANDALL WASHINGTON | SECTION: "J"(1) |

### ORDER & REASONS

Before the Court is a *Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255* (**Rec. Doc. 124)** filed by Defendant, Crandall Washington, and an opposition (Rec. Doc. 128) filed by the United States of America. Having considered the motion and legal memorandum, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

On August 7, 2023, Mr. Washington appeared before the Court and, without a plea agreement, pled guilty to the two-count indictment pending against him. (Rec. Doc. 87). Count One charged him with conspiracy to possess with intent to distribute methamphetamine in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846. Count Two charged him with possession with intent to distribute methamphetamine in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2. On that same date, the Court accepted Mr. Washington's guilty plea and adjudicated him guilty.

On December 7, 2023, the Court sentenced Mr. Washington to a term of imprisonment of 168 months as to Counts One and Two, to be served concurrently.

(Rec. Doc. 116, at 2). The statutory provisions provided as to each of Counts One and Two, the minimum term of imprisonment is 10 years, and the maximum term is life, pursuant to 21 U.S.C. § 841(b)(1)(A). (Rec. Doc. 95, at 19). Based upon Mr. Washington's total offense level of 32 and a criminal history category of IV, the advisory guideline imprisonment range was 168 to 210 months. (Rec. doc. 95, at 19). Accordingly, Mr. Washington was sentenced at the bottom of the sentencing guideline provisions.

Following his guilty plea conviction and sentence, Mr. Washington filed a *Motion for Sentence Reduction under 18 U.S.C. 3582 (c)(2) Pursuant to the U.S. Sentencing Commission Amendment 821*, which was denied. (Rec. Doc. 127). Presently, Mr. Washington timely files the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on November 5, 2024. (Rec. Doc. 124). In support of his motion, Mr. Washington asserts that he received ineffective assistance of counsel. *Id.* at 4. Specifically, Mr. Washington states '[i]neffective assistance of counsel by failing to seek a competency hearing, an omission that caused the movant to misunderstand and [totally failed] to understand the process against him, since when getting sentenced counsel at all times made the movant believe that he was getting concurrency." *Id.* at 4.

## LEGAL STANDARD

28 U.S.C. § 2255(a) provides that a federal prisoner serving a court-imposed sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence. Only a narrow set of claims are cognizable on a § 2255 motion: (1) the

sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A claim of error that is neither constitutional nor jurisdictional is not cognizable in a § 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (*quoting Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a § 2255 motion is filed, the district court must first conduct a preliminary review. Rules Governing § 2255 Proc., R. 4. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." *Id.* If the motion raises a non-frivolous claim to relief, the court must order the government to file a response or to take other appropriate action. *Id.* After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. *Id.* at R 8. An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), and the petitioner fails to produce any "independent indicia of the likely merit of [his] allegations," *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (*quoting United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

## DISCUSSION

The Court finds that Mr. Washington has failed to establish ineffective assistance of counsel. Further, the Court finds that an evidentiary hearing is not warranted because the motion and the record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b).

To establish ineffective assistance of counsel, a defendant must prove two elements: (1) that counsel's representation "fell below an objective standard of reasonableness" and (2) "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). When evaluating counsel's performance, courts apply a "strong presumption" that the representation fell within the "wide range of reasonable professional assistance." *Id.* at 694. Furthermore, the defendant must demonstrate more than mere prejudice; a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 698. To show prejudice, it is not enough to "show that the errors had some conceivable effect on the outcome of the proceeding;" rather, counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 693. If either *Strickland* requirement is not met, the court need not examine the other. *See Buxton v. Lynaugh*, 879 F.2d 140, 142 (5th Cir. 1989).

Mr. Washington has not demonstrated that his counsel's performance was deficient. Under *Strickland*, courts must evaluate counsel's conduct with high deference, presuming it falls within the broad spectrum of reasonable professional

assistance. While counsel has a duty to conduct reasonable investigations, the Supreme Court has recognized that the scope of necessary investigation varies by case. *Cullen v. Pinholster*, 563 U.S. 170, 195 (2011). In *United States v. Torres*, the Fifth Circuit considered a similar ineffective assistance claim based on counsel's failure to investigate competency and request a hearing. 717 Fed. Appx. 450, 454-57 (5th Cir. 2018). The court held that such claims require proof of both a reasonable probability of incompetence at the time of the plea and that counsel's failure to investigate constituted ineffective assistance. *Id.* at 456. Finding no evidence of the defendant's inability to comprehend the proceedings or likelihood of incompetence, the court rejected the claim. *Id.*

Beyond his conclusory assertion that there was "indicia of incompetence that would provide a reasonable counsel 'reason to doubt' the defendant's ability to understand the proceeding," Mr. Washington has presented no evidence, either in the record or subsequently, to support finding his counsel deficient for failing to investigate his competency (Rec. Doc. 124-1). To the contrary, the record clearly demonstrates Mr. Washington's competency: the presentencing report indicated he was in good health (Rec. Doc. 92), the Court conducted a thorough colloquy regarding his understanding of the case (Rec. Doc. 90), and at no point did Mr. Washington suggest to either the Court or his attorney that he lacked the competency to enter a guilty plea (Rec. Doc. 90 at p. 6).

Having determined counsel's performance was not deficient, the Court need not address prejudice. Nevertheless, the Court finds that Mr. Washington was not

5

prejudiced. Therefore, he has failed to establish either prong required for ineffective assistance of counsel.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255* (**Rec. Doc. 124)** is **DENIED**.

New Orleans, Louisiana, this 11th day of February, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE