UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                      CRIMINAL DOCKET

VERSUS                                        No. 21-137

CRANDALL WASHINGTON                           SECTION: "J"(1)

## ORDER & REASONS

Before the Court are three letters. Two are written by Defendant Crandall Washington, and one is written by Washington's mother, Linda Washington, on his behalf. In each letter, Washington and his mother argue that Washington did not receive the correct sentence. Upon considering the letters, the sentencing transcript, and the applicable law, the Court finds that Washington's sentence is correct.

## FACTS AND PROCEDURAL BACKGROUND

On the morning of trial, Washington, without a plea deal, pleaded guilty to a two-count indictment. (Rec. Doc. 87; Rec. Doc. 90). Count 1 charged him with conspiracy to possess with intent to distribute methamphetamine. (Rec. Doc. 16). Count 2 charged him with possession with intent to distribute methamphetamine. *Id.* Each of these counts carries with it a mandatory minimum sentence of ten years in prison. 21 U.S.C. § 841(b)(1)(A). The Court accepted Washington's guilty plea and adjudicated him guilty on both counts. (Rec. Doc. 87).

In December 2023, the Court sentenced Washington to a term of imprisonment of 168 months for each count, to be served concurrently. (Rec. Doc. 116). This sentence was at the bottom of the Pre-Sentence Report's Guideline Range of 168 to 210 months

1

(Rec. Doc. 95; Rec. Doc. 116). As of today, Washington and his mother have written three letters to the court challenging his sentence.

## DISCUSSION

In their letters, Washington and his mother argue that Washington's sentence is incorrect. They argue that this Court told Washington that he would only be sentenced to a term of imprisonment of seven years, or 84 months, for each count, to be served concurrently. Washington and his mother also allege that Washington's attorney, Leo Callier III, did not give Washington the correct amount of time at sentencing.

The Court finds that Washington and his mother are mistaken. At sentencing, the Court clearly informed Washington of his mandatory minimum sentence and the guideline range. As the Court informed Washington at sentencing:

> You plead guilty to and were convicted of two counts. Count 1 is conspiracy to possess with intent to distribute methamphetamine; and the statutory penalties for that is **not less than ten years up to life in prison**, plus at least five years supervised release. The Count 2 is possession with intent to distribute methamphetamine, again **not less than ten years to life in prison**, at least five years of supervised release. . . [Y]ou have a total offense level of 32, criminal history category of IV. The guidelines call for incarceration in the range of **168 to 210 months**.

Sentencing Tr. at 3–4, *United States v. Cazes et al*, No. 2:21-cr-137 (E.D. La. Dec. 7, 2023). After hearing from Washington, his counsel, and the Government, the Court clearly informed Washington of his sentence term. As the Court explained:

> The defendant has several prior convictions that are not reflected in his criminal history because of the applicable time period; however, he has prior convictions for controlled substances, substance related

2

offenses, and domestic abuse battery that resulted in criminal history points.

So pursuant to the Sentencing Reform Act of 1984 and considering provisions found in 18 U.S.C. Section 3553, it is the judgment of the Court that the defendant, Crandall Washington, is hereby committed to the custody of the United States Bureau of Prisons to be **imprisoned for a term of 168 months. This term consists of 168 months on each of Counts 1 and 2 to be served concurrently with each other.**

*Id.* at 12–13. The Court clearly sentenced Washington to 168 months, or 14 years, in federal prison. The Court does not know where Washington or his mother got the idea that he was sentenced to a term of seven years, as at no point during sentencing did the Court ever mention such a figure. Also, a sentence term of seven years would be impossible because Washington's underlying conviction carries with it a ten-year mandatory minimum. 21 U.S.C. § 841(b)(1)(A). Accordingly, the Court finds that Washington received the correct sentence term.

The Court also takes this opportunity to note that Washington's counsel has no authority to calculate or impose Washington's sentence. Only the Court can impose the sentence, and it is the job of the Federal Bureau of Prisons to house the Defendant and ensure that the sentence is served for the requisite time. The Court is unsure how Washington or his mother came to believe that Mr. Callier was in charge of his sentence. But, simply put, that notion is wrong.

The Court finds that the arguments raised in these letters by Defendant and his mother are entirely frivolous, with no support in the law or the record.

The Court instructs Washington and his mother to refrain from sending any additional letters to the Court suggesting that his sentence was mistakenly imposed.

New Orleans, Louisiana, this 4th day of March, 2026.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

Cc: Linda Washington via USPS mail

4